UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| WILLIAM BECK, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:06-cv-5 |
| ) | |
| v. ) | Honorable Richard Alan Enslen |
| ) | |
| JAN LOTZ, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER**

This was a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff filed his action on or about January 3, 2006. A month later, he moved to dismiss his Complaint because the claims asserted in his Complaint had been resolved at the institutional level. On February 21, 2006, the Court issued an Order granting Plaintiff's motion to voluntarily dismiss his action, but denied his request to relieve him of the filing fee.

Plaintiff now seeks reinstatement of his action claiming that he "was misled as to the administrative resolution provided for the issues addressed within the original complaint." The Court construes Plaintiff's request as a motion to alter or amend judgment brought pursuant to FED. R. CIV. P. 59(e). As the Sixth Circuit summarized in *GenCorp, Inc. v. Amer. Int'l Underwriters*, 178 F.3d 804, 833-34 (6th Cir. 1999), motions to alter or amend judgment under Rule 59(e) may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998), newly discovered evidence, *see id.*, an intervening change in controlling law, *Collison v. Int'l Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994);

*Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis v. Jellico Community Hosp., Inc.*, 912 F.2d 129, 133 (6th Cir. 1990); *Collison*, 34 F.3d at 236; *Hayes*, 8 F.3d at 90-91 n.3. *See also North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

Plaintiff's action was dismissed pursuant to his own motion. The fact that Plaintiff has changed his mind is not an adequate ground for seeking relief from the Court's Order of Dismissal. A federal civil rights action is a serious matter and cannot be opened and closed at Plaintiff's whim. If Plaintiff wishes to pursue his claims, he must file a new action. Therefore:

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reinstatement (Dkt. No. 7) is **DENIED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>May 9, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |